## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL SECURITY ARCHIVE** | ) |
| 2130 H Street, N.W., Suite 701 | ) |
| The Gelman Library | ) |
| Washington, DC 20037, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. _____ |
| | ) |
| **CENTRAL INTELLIGENCE AGENCY** | ) |
| Washington, DC 20505, | ) |
| | ) |
| Defendant. | ) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff National Security Archive seeks injunctive and other appropriate relief for the processing and release of agency records requested by plaintiff from defendant Central Intelligence Agency. Specifically, plaintiff seeks disclosure of several volumes of an official history of the Bay of Pigs Operation compiled between 1974 and 1983.

## Jurisdiction and Venue

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3.  Plaintiff National Security Archive, founded in 1985, is an independent non-governmental research institute and library. The Archive collects and publishes

declassified documents obtained through the Freedom of Information Act.  The Archive

also serves as a repository of government records on a wide range of topics pertaining to

the national security, foreign, intelligence, and economic policies of the United States.

The Archive won the 1999 George Polk Award, one of U.S. journalism's most

prestigious prizes, for – in the words of the citation – "piercing the self-serving veils of

government secrecy, guiding journalists in the search for the truth and informing us all."

It also was awarded the 2005 Emmy Award for outstanding achievement in news and

documentary research.  The Archive is a representative of the news media as defined in 5

U.S.C. § 552(a)(4)(a)(ii).

4.  Defendant Central Intelligence Agency ("CIA") is a component of the

Executive Branch of the United States Government.  The CIA is an "agency" within the

meaning of 5 U.S.C. § 552(f).

### Defendant CIA's Official History of the Bay of Pigs Operation

5.  The historical documents sought by plaintiff address the ill-fated CIA-led

invasion at the Bay of Pigs.  Invasion planning began with an authorization signed by

President Eisenhower on March 17, 1960, for a $4.4 million paramilitary training,

infiltration and assault program designed to "bring about the replacement of the Castro

regime with one more devoted to the true interests of the Cuban people and more

acceptable to the U.S. in such a manner as to avoid any appearance of U.S. intervention."

Over the course of a year of preparation, the plan evolved into a full-scale paramilitary

assault of some 1,500 Cuban exiles, trained in CIA camps in Guatemala, and organized

into a force called the 2506 Brigade.   Between March 11, 1961, when CIA officials

presented President Kennedy the invasion plan, and April 14, 1961, when he gave them

the green light for a preliminary airstrike intended to destroy the Cuban airforce,
Kennedy modified its parameters to make it "less noisy" and more covert.  The actual
deployment of Brigade 2506 began on April 17, 1961.  Within 72 hours, Castro's air
force had sunk the ammunition and food resupply ship, and the Cuban army and militia
had captured most of the brigade force.

6.  On August 8, 1973, CIA Director William Colby tasked the Agency's History
Staff to "develop accurate accounts of certain of CIA's past activities in terms suitable for
inclusion in Government-wide historical and declassification programs, while protecting
intelligence sources and methods."  As a member of the CIA History Staff, Jack B.
Pfeiffer assumed responsibility for compiling the history of the Bay of Pigs operation.
His report was written over the course of nine years between 1974 and 1983, three years
of which time Pfeiffer served as Chief Historian;  it is based on dozens of interviews with
key operatives and officials and a review of hundreds of CIA documents.  Pfeiffer's
internal study is divided into five volumes: Vol. 1, *Air Operations*; Vol. II, *Participation
in the Conduct of Foreign Policy*; Vol. III, *Evolution of CIA's Anti-Castro Policies, 1951-
January 1961*; Vol. IV, *Taylor Committee Report*, and Vol. V, *Internal Investigation
Report*.  Since his report is named the *Official History of the Bay of Pigs Operation*, it is,
by definition, the most important and substantive CIA-produced study of this episode.

7.  All other major internal investigative reports and studies, including the CIA
Inspector General's "Survey of the Cuban Operation" and the lengthy report to President
Kennedy of the inquiry led by General Maxwell Taylor, known as the "Taylor Committee
Report," have been declassified for years.  Indeed, Vol. III of the Pfeiffer report was
declassified by the CIA in 1998 under the Kennedy Assassination Records Act.  The rest

of the Pfeiffer report is now the last and only major internal study that remains secret –

fifty years after the invasion at the Bay of Pigs.

**Plaintiff's FOIA Requests and the CIA's Failure to Respond in a Timely Manner**

8.  By letter sent to defendant CIA on August 10, 2005, plaintiff requested under

the FOIA "[t]he first volume of the *Official History of the Bay of Pigs Operation* entitled

I – *Air Operations* by former CIA historian Jack B. Pfeiffer who compiled this study in

the late 1970s."

9.  By letter sent to defendant CIA on August 11, 2005, plaintiff requested under

the FOIA "[t]he second volume of the *Official History of the Bay of Pigs Operation*

entitled II – *Participation in the Conduct of Foreign Policy*."

10.  By letter sent to defendant CIA on August 15, 2005, plaintiff requested under

the FOIA "[t]he fourth and fifth volumes of the *Official History of the Bay of Pigs*

*Operation* entitled IV – *Taylor Committee Report* and V – *Internal Investigation Report*."

11.  In its FOIA requests described in ¶¶ 8-10, plaintiff noted as follows:

Volume III of the *Official History of the Bay of Pigs Operation* entitled
Evolution of CIA's Anti-Castro's Policies, 1959 – January 1961 was
declassified under the CIA Historical Review Program in 1998 pursuant to
the President John F. Kennedy Assassination Records Collection Act of
1992.  The requested documents would also appear to fall under E.O.
12958, as amended, that mandates the declassification of records 25 years
or older.

12.  By three letters to plaintiff dated September 7, 2005, defendant CIA

acknowledged receipt of plaintiff's FOIA requests described in ¶¶ 8-10.  In each of its

acknowledgement letters to plaintiff, defendant CIA stated, *inter alia*, that

[I]t [is] unlikely that we can respond within the 20 working days that the
FOIA requires.  You have the right to consider our honest appraisal as a
denial of your request and you may appeal to the Agency Release Panel.
A more practical approach would permit us to continue processing your

request and respond to you as soon as we can.  You will retain your appeal rights and, once you receive the results of our search, can appeal at that time if you wish.  We will proceed on that basis unless you tell us that you object.

13.  By letter to defendant CIA dated February 7, 2011, plaintiff submitted a formal administrative appeal concerning the agency's handling of plaintiff's FOIA requests described in ¶¶ 8-10.  Plaintiff stated, *inter alia*, that the requests were submitted "over five years ago," the agency's response "has greatly exceeded the mandated 20-day period," and "we consider the lack of a response to be a denial" of the FOIA requests.

14.  Notwithstanding the fact that plaintiff's FOIA requests have been pending for more than five and a half years, to date, defendant CIA has not responded to plaintiff's FOIA requests, nor has the agency disclosed agency records responsive to plaintiff's FOIA requests.

15.  Defendant CIA has violated the applicable statutory time limit for issuing responses to FOIA requests.

16.  Plaintiff has exhausted the applicable administrative remedies.

17.  Defendant CIA has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

18.  Plaintiff repeats and realleges paragraphs 1-17.

19.  Defendant CIA has wrongfully withheld agency records requested by plaintiff.

20.  Plaintiff has exhausted the applicable administrative remedies with respect to Defendant CIA's wrongful withholding of the requested records.

21.  Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

A.  order defendant CIA to disclose the requested records in their entirety and make copies available to plaintiff;

B.  provide for expeditious proceedings in this action;

C.  award plaintiff its costs and reasonable attorneys' fees incurred in this action; and

D.  grant such other relief as the Court may deem just and proper.

Respectfully submitted,

 */s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418

1818 N Street, N.W.
Suite 410
Washington, DC 20009
(202) 246-6180
sobel@att.net

Counsel for Plaintiff